UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOHN HECTOR,

                        Plaintiff,                  **ORDER**

         -against-                   22 Civ. 5990 (VB) (AEK)

KATHLEEN HECTOR, JEANINE HECTOR,
EDWARD GUTHRIE, RAYMOND JOHNSON,
and DOES 1 through 5,

                        Defendants.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      The discovery disputes addressed in ECF Nos. 51, 56 and 59 were resolved on the record at the August 5, 2024 discovery hearing.  As discussed at that hearing:

      1.      By Tuesday, August 13, 2024, Plaintiff must provide to Defendants, via email, a consolidated and complete set of all photographs of his allegedly damaged personal belongings and/or personal property, as referenced in Plaintiff's responses to Defendants' fourth and sixth requests for production.  The files containing the photographs must be labeled so that the photographs are easily identifiable, such as, for example, by including sequential numbers in the file name for each photograph.

      2.      Defendants' request that Plaintiff be required to specify when and where the photographs of his alleged damaged personal belongings and/or personal property were taken and what each photograph purports to depict is DENIED.  Plaintiff may wish to create a document that lists this information for ease of reference and to streamline the questioning at his deposition, but he is not required to do so.

3.      To facilitate the inspection of all allegedly damaged personal belongings and/or personal property on a single date at a single location, Plaintiff must bring the allegedly damaged personal photographs to New York and make them available for inspection on the same date and at the same time that the personal belongings and/or personal property currently located in Narrowsburg, New York will be inspected.

4.      Paragraphs 5(a) and 5(d) of the case management plan at ECF No. 50 are modified as follows: the deadline to complete all depositions and the inspection of Plaintiff's allegedly damaged personal belongings and/or personal property is hereby extended to October 2, 2024, as requested by the parties in ECF No. 60.

It is the Court's understanding, based on the parties' representation, that Plaintiff will travel to New York and will be available between September 24, 2024 and October 2, 2024 (i) for the inspection of his allegedly damaged personal belongings and/or personal property; (ii) to sit for his deposition at Defendants' counsel's office in Garden City, New York; and (iii) to take the depositions of the Defendants and any non-party witnesses at a location to be determined in or around Narrowsburg, New York.

By September 10, 2024, the parties must submit a letter with the day-by-day schedule for completing all of these tasks, including the dates, times, and locations for the depositions, and a specific listing of which witnesses will be deposed on which dates.  If subpoenas are necessary to compel the attendance of non-party witnesses, Plaintiff must properly serve those subpoenas promptly—any failure to do so may result in Plaintiff forfeiting the ability to depose these witnesses.  The Court intends to convert the parties' proposed schedule into an order, which will only be able to be modified in very narrow circumstances.

5.      By Tuesday, September 3, 2024, the parties must submit a letter that will either (i) confirm that no expert discovery will be conducted in this case (as contemplated at the August 5, 2024 hearing); or (ii) if either party has decided by September 3, 2024 that expert discovery will be necessary, propose an expedited schedule that will allow for the completion of such discovery by the September 30, 2024 deadline in Paragraph 6 of the case management plan at ECF No. 50.

Dated:  August 7, 2024
        White Plains, New York

_____
ANDREW E. KRAUSE
United States Magistrate Judge

3