```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JOHN HECTOR,                                    :
                    Plaintiff,                  :
v.                                              :
                                                :        OPINION AND ORDER
                                                :
KATHLEEN HECTOR, JEANINE HECTOR,                :        22 CV 5990 (VB)
EDWARD GUTHRIE, RAYMOND JOHNSON,                :
and DOES 1 THROUGH 5,                           :
                    Defendants.                 :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff John Hector, an attorney proceeding pro se, brings this action against defendants Kathleen Hector, Jeanine Hector, Edward Guthrie, Raymond Johnson, and "Does 1 through 5," arising from a dispute with his mother, Kathleen Hector, regarding two properties in Sullivan County they allegedly own together. Plaintiff brings state law claims for conversion, trespass, and property damage.

Now pending is plaintiff's motion for leave to file a third amended complaint to add a cause of action for negligent hiring and supervision against Kathleen Hector. (Doc. #78).

For the following reasons, the motion is DENIED.

The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.

## BACKGROUND

The Court assumes the parties' familiarity with the factual and procedural background of this case and recites herein only those facts necessary to adjudicate the instant motion.

This case arises from a dispute regarding two properties allegedly owned by plaintiff and his mother, Kathleen Hector. Plaintiff alleges that defendants entered into one of the jointly owned properties, without his permission, to remove plaintiff's belongings, losing and damaging certain of plaintiff's property in the process. On September 16, 2022, plaintiff filed his initial

1

complaint, bringing state law claims for breach of contract, breach of fiduciary duty, partnership accounting, fraudulent inducement, partition, and intentional interference with contractual rights and economic advantage. (Doc. #4). On October 19, 2022, defense counsel requested an extension to respond until November 14, 2022, which was granted. (Docs. ##10–11). But on November 9, 2022, plaintiff attempted to file an amended complaint. (Doc. #12). Plaintiff was notified of a technical defect with his filing the following day but failed to re-file or otherwise cure the deficiency. (Doc. #13). Thus, on December 2, 2022, the Court ordered plaintiff to re-file his first amended complaint. Id. Plaintiff properly filed his first amended complaint later that day, adding claims for conversion, trespass, and property damage against all defendants. (Doc. #14).

Defendants moved to dismiss the first amended complaint on December 5, 2022. (Doc. #15). The Court provided plaintiff an opportunity to amend again in light of defendants' motion. (Doc. # 17). On January 11, 2023, plaintiff filed his second amended complaint. (Doc. #20). Defendants moved to dismiss again, and their prior motion to dismiss the first amended complaint was dismissed as moot. (Docs. ##21–22). On February 15, 2023, plaintiff filed an opposition, which requested "permission for further amendment" if the Court found any of plaintiff's causes of action insufficiently pled. (Doc. #24 at 6). Defendants replied on February 27, 2023. (Doc. #27).

On September 15, 2023, the Court issued an Opinion and Order dismissing all of plaintiff's claims except for the conversion, trespass, and property damage claims. (Doc. #28). The Court also declined the "cursory request for leave to file a third amended complaint" that plaintiff made in his opposition because "repleading would be futile." Id. at 16–17. Defendants answered the second amended complaint on September 27, 2023. (Doc. #31).

On October 17, 2023, following a case management conference, the Court entered a civil case discovery plan and scheduling order, setting October 31, 2023, as the deadline to seek leave to further amend pleadings if required. (Doc. #36). After referral to Magistrate Judge Krause for settlement, the parties moved to extend discovery deadlines on February 21, 2024, and June 28, 2024, but did not seek an extension of the deadline to move to amend pleadings on either occasion. (Docs. ##39, 41–43, 48–50).

At a case management conference on October 8, 2024, after the close of discovery and nearly a year after the deadline to seek leave to amend, plaintiff sought to file a third amended complaint to add a claim of negligent hiring or supervision against Kathleen Hector.[1] (Doc. #79-1 ¶ 16). Plaintiff had deposed Kathleen Hector shortly before the conference, on September 30, 2024. (Doc. #78-1 at ECF 2)[2]. During that deposition, plaintiff purportedly learned that Kathleen Hector had hired two college students to assist in removing plaintiff's belongings from the property. (Doc. #78-2 ¶ 5). The Court directed plaintiff to brief his request. (Doc. #74).

Plaintiff filed his motion to amend on November 21, 2024, but neglected to attach a notice of motion or a memorandum of law, or his proposed amended pleading. (Docs. ##75–76). Plaintiff re-filed successfully on December 3, 2024.[3] (Doc. #78). Defendants re-filed an opposition on January 6, 2025. (Doc. #79).

---

[1]  Plaintiff has framed his request as a "motion to amend the Second Amended Complaint." (Doc. #78). The Court construes this as a request for leave to file a third amended complaint.

[2]  "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

[3]  For clarity, the Court will construe the second-filed motion (Doc. #78) as the operative motion.

DISCUSSION

I.   Legal Standard

Generally, district courts "should freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a).  However, "[w]here a scheduling order governs amendments to the complaint, and a plaintiff wishes to amend after the scheduling deadline has passed, the plaintiff must satisfy both Federal Rules of Civil Procedure 15 and 16." Pasternack v. Shrader, 863 F.3d 162, 174 n.10 (2d Cir. 2017)[4].  Thus, when a motion to amend is made after the deadline has expired, the Rule 15(a) bias in favor of liberally amending pleadings gives way to the requirement that a Court's scheduling order "may be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4); Holmes v. Grubman, 568 F.3d 329, 334–35 (2d Cir. 2009) ("[T]he lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause").

"The burden of demonstrating good cause rests with the movant." Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC, 282 F.R.D. 76, 79 (S.D.N.Y. 2012). "Whether good cause exists turns on the diligence of the moving party." Holmes v. Grubman, 568 F.3d at 335.  For example, "[t]he court may deny leave to amend where the party seeking it knew or should have known the facts sought to be added to the complaint." Mason Tenders Dist. Council v. Phase Constr. Servs., Inc., 318 F.R.D. 28, 37 (S.D.N.Y. 2016).

Moreover, district courts also have "discretion to deny leave [to amend] for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citing Foman v. Davis, 371 U.S.

---

[4]   Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

178, 182 (1962)).  The Court may thus consider "whether allowing the amendment . . . will prejudice defendants."  <u>Kassner v. 2nd Ave. Delicatessen Inc.</u>, 496 F.3d 229, 244 (2d Cir. 2007).  Courts "are particularly likely to find prejudice where the parties have already completed discovery and the defendant has moved for summary judgment."  <u>Werking v. Andrews</u>, 526 F. App'x 94, 96 (2d Cir. 2013) (summary order).

Ordinarily, the Court liberally construes submissions of a <u>pro se</u> litigant and interprets them "to raise the strongest arguments that they suggest."  <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam).  Here, however, because plaintiff is a practicing attorney who admits familiarity with litigation, he is not entitled to such "special solicitude."  <u>See</u> <u>Parent v. New York</u>, 485 F. App'x 500, 502–03 (2d Cir. 2012) (summary order) (attorney with twenty years of experience litigating civil rights cases was not entitled to "special solicitude"); <u>see also</u> <u>Tracy v. Freshwater</u>, 623 F.3d 90, 102 (2d Cir. 2010) ( "[A] lawyer representing himself ordinarily receives no such solicitude at all.").

II.     <u>Application</u>

As an initial matter, plaintiff's motion is untimely.  Each scheduling order agreed upon by the parties and signed by the Court states the deadline to move to amend the pleadings was October 31, 2023.  (Docs. ##36, 43, 50).  Plaintiff's instant request was raised at a status conference nearly one year after that deadline, on October 8, 2024.  (Doc. #74).  And plaintiff did not succeed in filing a complete version of the motion until nearly two months later, on December 3, 2024.  (Doc. #78).

Because plaintiff's motion is untimely, he must first demonstrate good cause to modify the scheduling order.  <u>Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC</u>, 282 F.R.D. at 79.  If plaintiff carries this burden, the Court will then consider whether "futility,

bad faith, undue delay, or undue prejudice to the opposing party" counsel against permitting amendment. McCarthy v. Dun & Bradstreet Corp., 482 F.3d at 200.

Defendants contend plaintiff should not be permitted to file a third amended complaint because, among other reasons, (i) he has not demonstrated good cause to modify the Court's scheduling order, and (ii) amendment would be futile, unduly prejudicial, and cause delay.

For the following reasons, the Court agrees.

A.    Lack of Good Cause

Plaintiff's motion was filed more than one year past the deadline. (Doc. #50). Despite his untimely filing, plaintiff fails to address the "good cause" standard in Rule 16(b). Instead, he advances the permissive Rule 15(a) standard and, citing out-of-circuit precedent, asserts that "[u]nless there is a substantial reason to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." (Doc. 78-1 at ECF 3). Plaintiff is incorrect. Because a scheduling order was in place, plaintiff bears the burden of demonstrating good cause to modify the October 31, 2023, deadline. Pasternack v. Shrader, 863 F.3d at 174 n.10.

Plaintiff seeks to amend his complaint due to concern that "a reasonable trier of fact could conclude" the two young men Kathleen Hector hired to remove plaintiff's belongings from the house may be the ones responsible for the property damage and theft plaintiff alleges.[5] (Doc. #78-1 at ECF 4). Plaintiff believes such a finding could be fatal to his allegations against Kathleen Hector, and explains that, if he had "been aware" these students were involved in the removal of his property, he "would have investigated further, and at a minimum would have included a cause of action for negligent hiring/supervision in the original complaint." (Id. at ECF 3). In addition, plaintiff argues he should be permitted to amend because defendants "have

---

[5] There is no indication that Kathleen Hector intends to use this argument as a defense.

6

been aware at all relevant times of the existence of these" students hired by defendant Kathleen Hector "to move plaintiff's belongings," but failed to inform plaintiff.  (Id.).  Plaintiff implies he could not have discovered the involvement of these two men until Kathleen Hector's deposition because "extensive settlement efforts . . . were undertaken" and "depositions were scheduled for the very end of [] discovery" to keep down costs.  (Doc. #78-2 ¶ 4).

Plaintiff has failed to show "good cause" exists to modify the deadline.

Good cause turns on the movant's diligence.  Holmes v. Grubman, 568 F.3d at 335.  But here, plaintiff's lack of diligence is the cause of his predicament.  Plaintiff argues that settlement discussions and cost saving measures rendered him unable to learn this information prior to September 30, 2024.  This is unavailing.  Plaintiff could have conducted discovery in the four months between when the scheduling order was entered and when the parties were referred to settlement.  (Docs. ##36, 39).  Plaintiff could also have sought to extend the deadline to move to amend on either of the two occasions on which the parties sought to revise the civil case discovery plan and scheduling order.  (Docs. ##43, 50).  Most important, however, settlement discussions are not a bar to conducting discovery, and depositions are far from the only means of discovering information.  The final discovery schedule set deadlines for initial disclosures (October 31, 2023),[6] interrogatories (November 10, 2023), and requests for admission (January 1, 2024), all of which plaintiff could have used to discover the involvement of the two men

---

[6] Parties are obligated to provide certain basic information about individuals "likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses[.]"  Fed. R. Civ. P. 26(a)(1)(A)(i).  It is unclear from the briefing whether defendants included these two individuals in their initial disclosures.  If defendants have not, it is reasonable to infer the two college students do not factor into their planned defenses.  Indeed, parties that fail to comply with disclosure requirements are generally prohibited from relying on the undisclosed information or witnesses "unless the failure was substantially justified or is harmless."  Fed. R. Civ. R. 37(c)(1).

Kathleen Hector employed to remove plaintiff's belongings from the house. Plaintiff has represented that discovery is now complete. Yet, he does not explain why, prior to Kathleen Hector's deposition, he failed to ask the simple question of how defendants went about removing plaintiff's belongings from the house.

In any event, it seems, at best, unlikely plaintiff was unaware others could have been involved in the removal of his property from the house. Since the filing of his initial complaint, plaintiff has listed "Does 1–5" as defendants. It is not clear why plaintiff included the Doe defendants if he did not at least suspect other individuals may have been involved. Nor is it clear why he made no effort to discover the identity of the Does after naming them as defendants.

Plaintiff's seeming failure to conduct reasonable discovery on this topic prior to September 30, 2024, evinces a lack of diligence prohibitive to a showing of good cause.

B. <u>Futility, Undue Delay, and Prejudice to Defendants</u>

Even if plaintiff had shown good cause to modify the scheduling order, the motion would still be denied.

Allowing plaintiff to replead now would unnecessarily delay proceedings and prejudice defendants. This case has been ongoing for nearly three years. At the October 8, 2024, conference, the parties represented they had completed discovery and that no party planned to move for summary judgment. Defendants expressed their readiness for trial. (Doc. #79 at 5, 12). Although plaintiff contends no additional discovery is required if the instant motion is granted, defendants disagree. (Docs. ##78-1 at ECF 4; 79 at 12).

Given the late stage of proceedings, reopening discovery and permitting further delay to trial would be unduly prejudicial to defendants, see <u>Werking v. Andrews</u>, 526 F. App'x at 96, in particular because plaintiff could have added these claims earlier had he exercised proper

8

diligence.  The undue delay is amplified by plaintiff's failure properly to file the instant motion until nearly two months after the October 8, 2024, conference.  Id.

     Moreover, amendment would be futile.  An amendment is futile when, as a matter of law, the proposed pleading would not survive a Rule 12(b)(6) motion to dismiss.  Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002).  Plaintiff has offered only threadbare allegations, insufficient to state a claim for negligent hiring or supervision.  Notably, plaintiff fails to plead any facts showing that Kathleen Hector "knew or should have known" about the college students' "propensity for the conduct" that caused plaintiff's injury, which is a necessary element of the claim.  Ehrens v. Lutheran Church, 385 F.3d 232, 235 (2d Cir. 2004) (per curiam).  Failure to plead knowledge of propensity for negligence supports dismissal, thereby demonstrating the futility of the amendment.  Capak v. Street Execs Mgmt., 2021 WL 2666007, at *4 (S.D.N.Y. June 29, 2021).

     Accordingly, plaintiff's motion for leave to file a third amended complaint must be denied.

**CONCLUSION**

The motion to file a third amended complaint is DENIED.

The Court will conduct a case management conference on May 20, 2025, at 2:00 p.m. to be held at the White Plains courthouse, Courtroom 620, at which time counsel shall be prepared to discuss, among other things, the setting of a trial date and a schedule for pretrial submissions, as well as what good faith efforts they have made and will continue to make to settle this case.

The Clerk is instructed terminate the motion.  (Docs. ##75, 78).

Dated: April 25, 2025
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge