UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOHN HECTOR,

                          Plaintiff,                    **DECISION AND ORDER**

        -against-                        22 Civ. 5990 (AEK)

KATHLEEN HECTOR, JEANINE HECTOR,
EDWARD GUTHRIE and RAYMOND
JOHNSON,

                          Defendants.
-------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      As discussed in greater detail on the record at the September 15, 2025 final pretrial

conference, the Court has issued the following rulings as to the parties' motions *in limine*:

**Plaintiff's Motions *in Limine***

1. Plaintiff's motion to preclude the use of evidence of legal proceedings between members of the Hector family and the facts surrounding them is DENIED AS MOOT. Defendants confirmed that they do not intend to introduce such evidence.

2. Plaintiff's motion to preclude introduction of the fact that Plaintiff is an attorney is DENIED.

3. The Court reserved decision on Plaintiff's motion to preclude the fact that Kathleen Hector obtained a deed from John Hector, Sr. in 2010. This issue will be addressed further, if necessary, during the trial. *See* Defs. Mot. *in Limine* No. 5.

4. Plaintiff's motion to preclude the use of the e-mail from plaintiff to Jeanine Hector offered as an exhibit by defendants is WITHDRAWN.

**Defendants' Motions *in Limine***

1. Defendants' motion to preclude Plaintiff from offering his testimony in his case in chief, and if his testimony is allowed, precluding the testimony in narrative form and requiring Plaintiff to testify in a question-and-answer format is DENIED.

2.    Defendants' motion to preclude Plaintiff from introducing evidence, testimony, argument or suggestions regarding sentimental or emotional value of Plaintiff's property (including photographs), and to instruct the jury on the law precluding such evidence is GRANTED. The Court will provide instructions to the jury at the time of the jury charge, and may include additional instructions during the course of the trial if necessary.

3.    Defendants' motion to preclude Plaintiff from introducing into evidence paper or digital copies of the damaged photographs in lieu of the actual damaged photographs is DENIED AS MOOT.  Plaintiff indicated that he intends to rely on the actual photographs as exhibits, rather than on paper or digital copies of the photographs.

4.    Defendants' motion to preclude Plaintiff from introducing into evidence photographs depicting personal property allegedly damaged by Defendants in lieu of the actual tangible property is DENIED.  Plaintiff indicated that for smaller items of personal property, he may bring the actual items to court to use at trial; for larger items, he will rely on photographs of the items.

5.    Defendants' motion to preclude Plaintiff from introducing evidence, testimony, argument or suggestions regarding facts underlying Plaintiff's waived and abandoned claims in this action is GRANTED IN PART and DENIED IN PART.  To the extent this motion intended to refer to exclusion of evidence, testimony, argument, or suggestions regarding facts pertaining to causes of action that have been dismissed or are only raised in other proceedings, the motion is GRANTED.  *See* Defs. Mot. *in Limine* Nos. 8-10.  To the extent this motion specifically sought to exclude certain exhibits (Exhibit Nos. 181, 182, 184, and 187), the motion is DENIED, as the deposition testimony regarding the supposed "waiver" of claims regarding this items is too vague to warrant exclusion.

6.    The Court reserved decision on Defendants' motion to preclude Plaintiff from introducing into evidence exhibits referring to personal property neither identified in the complaint nor previously disclosed to Defendants.  The parties were directed to meet and confer about the exhibits and to provide a revised exhibit list to the Court.

7.    Defendants' motion to preclude Plaintiff from introducing into evidence exhibits consisting of documents not previously disclosed to Defendants is DENIED AS MOOT. Plaintiff has withdrawn certain exhibits from his exhibit list, and has represented that all exhibits on which he intends to rely have previously been produced to Defendants.  The Court will revisit this, if necessary, after receiving the revised exhibit list from the parties.

8.    Defendants' motion to preclude Plaintiff from introducing into evidence exhibits that are irrelevant to the claims that are subject of the trial is GRANTED IN PART.  The motion is granted with respect to proposed Exhibit 203, an appraisal for the property located at 125 School Street.  The Court reserved decision on the portion of the motion that pertains to proposed Exhibit 1, a deed between Kathleen Hector and Plaintiff.  As with Plaintiff's third motion *in limine* regarding the 2010 deed, this issue will be addressed further, if necessary, during the trial.

9.      Defendants' motion to preclude Plaintiff from introducing evidence, testimony, argument or suggestions regarding facts underlying Plaintiff's previously dismissed claims in this action is DENIED AS MOOT.  Plaintiff confirmed that he does not intend to introduce such evidence.

10.     Defendants' motion to preclude Plaintiff from introducing evidence, testimony, argument or suggestions regarding facts underlying Plaintiff's claims made in the new S.D.N.Y. action is DENIED AS MOOT.  Plaintiff confirmed that he does not intend to introduce such evidence.

11.     Defendants' motion to preclude Plaintiff from introducing evidence, testimony, argument or suggestions regarding facts regarding any family legal disputes in Surrogates' Court is DENIED AS MOOT.  Plaintiff confirmed that he does not intend to introduce such evidence.

12.     Defendants' motion to preclude Plaintiff from introducing evidence, testimony, argument or suggestions regarding damages Plaintiff may claim to have suffered after Plaintiff's personal property was allegedly deposited in Plaintiff's storage barn is DENIED.

13.     Defendants' motion to preclude the testimony of witness Stephen Gregoretti is DENIED AS MOOT.  Plaintiff confirmed that he does not intend to call Mr. Gregoretti as a witness.

14.     The Court reserved decision on Defendants' motion to preclude Plaintiff from introducing evidence, testimony, argument or suggestions regarding Defendant Edward Guthrie's alleged criminal record pending receipt of information confirming the date of Mr. Guthrie's conviction.

15.     Defendants' motion to preclude irrelevant character evidence, or reference to irrelevant character evidence, regarding any Defendant is GRANTED.

16.     Defendants' motion to exclude Plaintiff's "property damage" claim as a separate claim and preclude instructions to the jury on a standalone "property damage" claim is GRANTED.

17.     The Court reserved decision on Defendants' motion to (i) preclude jury instructions and verdict form questions regarding punitive damages; (ii) order a bifurcated trial on the issue of punitive damages; and/or (iii) reserve decision as to whether a punitive damages instruction is warranted until the parties have rested and verdicts on liability and compensatory damages are rendered.  The Court directed the parties to meet and confer as to how they would prefer to address the issue of punitive damages if the Court, after the completion of evidence, determines that instructions to the jury regarding punitive damages are warranted.

* * * * * * * * * *

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 96 and 97, consistent with the rulings set forth in this order.

* * * * * * * * * *

   Furthermore, as discussed at the final pretrial conference, and with the consent of Plaintiff, the Court hereby orders that the claims against defendants "Does 1-5" be dismissed, and that "Does 1-5" be terminated as parties on the docket.

Dated: September 19, 2025
   White Plains, New York

            **SO ORDERED.**

            ANDREW E. KRAUSE
            United States Magistrate Judge